**Idinar POLTRONIERI; Parlen Costa; Renan Costa, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71800.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Donald A. Olsen, Esq., Law Offices of Donald A. Olsen, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Idinar Poltronieri, and her children, Parlen and Renan Costa, natives and citizens of Brazil, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing due process claims de novo, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

Poltronieri contends that she was denied due process because, among other things, the IJ was biased against her and should have sua sponte recused himself, and the IJ failed to consider all the evidence presented. These contentions, however, are belied by the record. *See Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 925 (9th Cir.2007).

The parties' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.